ENNIS, Appellant, v. UNION DEPOT RAILROAD COMPANY.

### Division Two, March 5, 1900.

Negligence: INSTRUCTION: "EXPOSURE TO DANGER." The petition proceeded upon the theory that the defendant's motorman whose car struck plaintiff's wagon and injured him, saw, or by ordinary care could have seen, plaintiff in danger. Defendant's instruction spoke of the care the motorman must exercise "after plaintiff exposed himself to danger," and plaintiff's instruction required the motorman to exercise the same care while "plaintiff was in a position of danger, either in approaching the street car tracks or while upon them." *Held*, that defendant's instruction did not restrict the meaning of plaintiff's, and that the two are essentially the same.

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein*, Judge.

AFFIRMED.

*Sterling P. Bond* for appellant.

(1) An erroneous instruction is not remedied by the giving of a correct instruction, which is inconsistent and irreconcilable therewith. State v. Clevenger, 25. Mo. App. 653; Stevenson v. Hancock, 82 Mo. 612; State v. Herrill, 97 Mo. 105; State v. Cable, 117 Mo. 384; Bluedom v. Railroad, 108 Mo. 439. (2) It is reversible error to give contradictory or conflicting instructions. The jury is as liable to follow one as the other. Price v. Railroad, 77 Mo. 509; Willmott v. Railroad, 106 Mo. 535; Spillabe v. Railroad, 111 Mo. 595. (3) Where there is a conflict in the instructions which will affect the issues, a new trial should be granted. And there is a conflict between defendant's instruction C and plaintiff's instructions 3 and 4, and also a conflict between defendant's instruction C and defendant's instructions A and B. Hickman v. Link, 116 Mo. 128; Bunyan v. Railroad, 127 Mo. 20. (4) Where in an action against a railroad it appears that the plaintiff was guilty of negligence, still the defendant is liable if it either knew, or by the exercise of ordinary care, could have known of the danger of the injured and prevented said injury by the exercise of ordinary care; therefore defendant's instruction C is fatally defective. Werner v. Railroad, 81 Mo. 373; Scovill v. Railroad, 81 Mo. 439; Bluedon v. Railroad, 108 Mo. 439; Bunyan v. Railroad, 127 Mo. 20.

*E. S. Robert* for respondent.

It is not the duty of the motorman to stop until danger appears; he has the right to presume a person approaching the track will use his senses for his own protection, and will not step on the track so near as to be struck. Watson v. Mound City Ry., 133 Mo. 246; Bunyan v. Railroad, 127 Mo. 12; Hicks v. Citizens' Ry., 124 Mo. 115. And it is only when

the approaching person does something indicating that he is about to expose himself to peril, that the duty to stop arises. Watson v. Mound City Ry., 133 Mo. 246; Bunyan v. Railroad, 127 Mo. 12; Boyd v. Wabash Railroad, 105 Mo. 371.

GANTT, P. J.—This is an appeal from a verdict and judgment in favor of the defendant, in an action for personal injuries which resulted from a collision between an electric car of the defendant company and the plaintiff's team at a point where said street car line crosses Ohio avenue in the city of St. Louis.

The negligence charged was three fold. First, that the motorman in charge of said electric car negligently failed to sound the gong on said car as it approached the said crossing and the failure to do so was the direct and immediate cause of the accident; second, that by ordinance defendant was prohibited from running at a rate in excess of fifteen miles an hour, and on the occasion of this injury was running in excess of fifteen miles an hour, and that such unlawful speed was the direct cause of the injury to plaintiff; third, that plaintiff in the exercise of due care was proceeding to drive across said crossing and the defendant's servants in charge of said car saw, or in the exercise of ordinary care could have seen, the danger plaintiff was in, and prevented the injuries to him but they negligently and carelessly failed to do so.

The answer was a general denial and a plea of contributory negligence.

There was evidence tending to show the gong was not sounded and that the car was running in excess of fifteen miles an hour. There was also evidence that the gong was sounded and that the car was not running in excess of fifteen miles an hour, and that plaintiff was drunk and recklessly drove his team on the crossing immediately in front of the

moving car, so near as to make it impossible for the motorman to stop the car in time to avoid the injury, and evidence tending to show the motorman could have seen that plaintiff was driving on the crossing without paying heed to the car, and that the car could have been stopped by the exercise of proper care.

I. The sole ground urged in this court for a reversal of the judgment is that the instructions of the circuit court were conflicting and that one instruction, known as instruction "C" given at the instance of the defendant was erroneous.

For the plaintiff the court gave the following instructions numbered 3 and 4:

"3. The court instructs the jury that although you believe from the evidence that plaintiff was guilty of negligence in driving upon defendant's track, yet if the jury further believe from the evidence that the wagon which said Ennis was driving became in imminent danger of being struck by defendant's electric street car, and defendant's servants in charge of said car became aware of the danger of striking said wagon in time to have enabled said servants, by the exercise of ordinary care, to have averted striking said wagon, or if the jury believe from the evidence that said servants in charge of defendant's electric car, by the exercise of ordinary care, could have become aware of the danger of striking said wagon in time to have averted striking said wagon by the exercise of ordinary care, and that said servants failed to exercise such care to avert striking said wagon plaintiff was driving and that by reason of such failure the wagon which Michael Ennis was driving was struck and overturned, and by reason of so striking and overturning said wagon said Ennis was injured, then the jury should find for the plaintiff.

"4. The court instructs the jury that although you may believe from the evidence that plaintiff was under the influence of liquor and intoxicated while driving upon and across defendant's street car tracks, yet, if the jury further believe

from the evidence that defendant's motorman or servants in charge of its car discovered plaintiff in a position of danger, either while approaching the street car tracks or while upon them, or by the exercise of ordinary care could have discovered the plaintiff in danger, either while he was approaching the street car tracks or while upon them, and if you believe from the evidence that said motorman or servants could have slowed up or stopped the car in question by the exercise of ordinary care in time to have prevented said injuries, then the jury will find for the plaintiff."

For the defendant the court gave instructions designated as A., B. and C. as follows:

"A.    You are instructed that the plaintiff charges the defendant with three acts of negligence, which the defendant denies, and which are the only ones that you can consider.

"First, that the motorman failed to exercise ordinary care in seeing the defendant and thereafter preventing the injury.

"Second, that the motorman failed to ring the gong on approaching Ohio avenue.

"Third, that the car was run at a rate of speed above 15 miles an hour.

"These three acts of negligence charged by plaintiff and denied by defendant are the only ones which you can consider.    And if you believe, from the evidence, that the motorman did exercise ordinary care in looking out for the plaintiff and in trying to avoid the injury after the danger of plaintiff became apparent, or by the exercise of ordinary care would have become apparent, and that he did ring the gong on approaching Ohio avenue, and that the car was not running above the rate of 15 miles an hour, then your verdict must be for the defendant.

"B.    You are instructed that it is the duty of a person before driving on or across an electric railroad track to look and listen for approaching cars, and to exercise ordinary care

to avoid coming in collision with said car; and if you find from the evidence in this case that the plaintiff did not look and listen, and that by so doing he would have observed the approaching car, and by the exercise of ordinary care would have avoided the collision, then your verdict must be for the defendant; if you further believe from the evidence, that the motorman did exercise ordinary care to avoid the accident as soon as danger became apparent, or by the exercise of ordinary care would have become apparent to such motorman.

"C. You are further instructed that, although defendant's motorman was guilty of negligence yet if you also believe that the plaintiff was guilty of negligence in driving on the track in front of the approaching motor car, so near as to make it impossible to stop the same, in time to prevent the injury, the plaintiff can not recover, unless you believe that after the plaintiff exposed himself to danger, if you believe he did so, the motorman by the exercise of ordinary care, could have prevented the injury. And in determining whether the motorman exercised ordinary care you should judge his conduct in view of all the circumstances disclosed by the evidence, as they existed at the time he was called upon to act."

The contention, in a word, is that a different degree of care is required of defendant by instruction "C" from that imposed in plaintiff's instructions 3 and 4 and defendant's A. and B.

Reference to plaintiff's petition will show that the negligence therein counted on is that the motorman "saw or by the exercise of ordinary care could have seen the danger plaintiff was in and prevented the injury" to plaintiff.

Counsel for plaintiff insists that there is an irreconcilable conflict between the instructions for plaintiff and the instruction "C" for defendant. In his view the phrase "after the plaintiff exposed himself to danger," is essentially different from the phrase "that the wagon which said Ennis was driving became in imminent danger of being struck" in his

third instruction, and the expression "discovered plaintiff in a position of danger either while approaching the street car tracks or while upon them" in his fourth instruction, that is to say, he claims that defendant's instruction is, so to speak, too restricted, in that it only required the motorman to stop his car after plaintiff was actually on the track, whereas his instruction properly directed the jury that if the motorman discovered plaintiff's danger either "while approaching the track, or while upon it," it was his duty to avoid injuring him by the exercise of ordinary care notwithstanding plaintiff's negligence.

We think the criticism is not sound. Having told the jury what would constitute danger, it was unnecessary to repeat it over again and again. Accordingly when the court came to define the measure of care in defendant's instruction "C" it simply said, "if after the plaintiff had exposed himself to danger, the motorman by the exercise of ordinary care could have avoided injuring him," it was his duty so to do. This instruction does not say "exposed himself to danger" by stepping on the track immediately before the car, as plaintiff contends. It simply says, "after he had exposed himself to danger," and the court in the other instructions told the jury that if this danger had arisen "either in approaching the track or while he was on the track" and defendant discovered it, the defendant must exercise ordinary care to avert injury to him.

The instruction in Bunyan v. Street Ry., 127 Mo. 12, was held erroneous because it ignored the motorman's evidence that he saw the plaintiff staggering toward the track and the motorman's duty to stop was limited to a time after the plaintiff had stepped on the track and thus put himself in danger.

That is not this case.

The petition proceeded upon the theory that the defendant's motorman saw, or could by ordinary care, have seen, plaintiff in danger.

Defendant's instruction literally followed the petition

itself, but there is no conflict in the instructions and taken altogether they could not have misled the jury.

Plaintiff received the most favorable instructions at his own request and defendant conceded his theory of the law. Under the instruction "C" plaintiff had exposed himself to danger when he recklessly approached so near to the track that it was impossible to stop the car in time to avoid striking him. The verdict was fully justified by the evidence and the judgment is affirmed.

　*Sherwood* and *Burgess, JJ.*, concur.